TRACY TRIBBETT
PACIFIC JUSTICE INSTITUTE
6404 THREE RIVERS DRIVE
PASCO, WA 99301
(509-) 713-9868
TTRIBBETT@PJI.ORG

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE**

| | |
|---|---|
| DAVID PETERSON, BEAU WATSON, JAY STICKNEY, EVAN MERRITT, NORM ALAN PETERSON II, RILEY KORF, RYAN STUPEY, KEVIN GLEASON<br><br>Plaintiffs,<br><br>vs.<br><br>SNOHOMISH REGIONAL FIRE AND RESCUE , CHIEF KEVIN O'BRIEN, Does 1-10<br>Defendant | Case No.:<br><br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES |

This is an action for declaratory relief and damages brought by Plaintiffs, employees of Snohomish County Fire Department (SRFR), seeking remuneration for violation of their right(s) to hold employment free from discrimination in accord with Title VII of the Civil Rights Act of 1964 (42 USC §2000e et seq.), and under Washington's Law Against Discrimination (WLAD, RCW 49.60).

There are two issues presented to the court for review:

1
COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

A. Does a leave of absence qualify as a reasonable accommodation under applicable law? The Plaintiffs contend that it does not.

B. Did SRFR violate Plaintiffs' right to be free from discrimination on the basis of their status under § 42 USC 2000(e) et seq. and RCW §49.60 in failing to reasonably accommodate?

**INTRODUCTION**

1. This is a complaint for employment discrimination brought by a group of employees holding religious convictions against the SARS-CoV-2 (CV19) vaccine. Snohomish Regional Fire and Rescue (SRFR) ordered all of its employees to submit to vaccination for CV19, and/or submit a request a medical or religious exemption under applicable law. All of the herein named employees submitted a request for and obtained a religious exemption from the CV-19 vaccine. SRFR engaged in a reasonable accommodation process and determined that it would place an undue hardship on the department to allow the Plaintiffs to accommodate [their unvaccinated status] by wearing masks, testing, and social distancing when possible.

2. The Plaintiffs were placed on a leave of absence (LOA) as negotiated by SRFR and the employee's Union. The LOA was for one year.

3. In spring of 2022 SRFR determined that the Plaintiff employees could, in fact, be accommodated without an undue hardship to the department. The reinstatement process finalized with an offered return to work date for the employees of June 1, 2022.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). The Court also has jurisdiction under 42 U.S.C. §2000e5(f)(3). Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threatened to occur in this jurisdictional district and division. The Defendant's principal place of business is in this district.

5. This Court has supplemental and concurrent jurisdiction to hear State claims brought before the Court pursuant to 28 U.S.C. § 1367(a).

6. Plaintiffs' claims for damages and declaratory relief are authorized by 28 U.S.C. §2201-02, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the relief requested.

## III. PARTIES

7. Plaintiffs were employed by SRFR and were or are residents of Washington State, and work or worked in Snohomish county where the actions complained of took place. Plaintiffs were or are employees as defined by 42 U.S.C. §2000(e). Plaintiffs were employed by Defendant, were affected by Defendant's actions, and deem themselves aggrieved by the actions of named Defendant(s).

8. Defendant Snohomish Regional Fire Department (SRFR) is an independent fire district created under RCW § 52, and serving 140 square miles of Snohomish County, WA. SRFR serves a population of over 162,000 people. SRFR's main administrative office is located at 953 Village Way, Monroe WA 98272. Defendant SRFR employs the Plaintiffs and/or did employ the plaintiffs during the time the actions in this complaint took place, and is an "employer" as defined by 42 U.S.C §2000(e) and RCW 49.60.010.

9. Defendant Chief Kevin O'Brien is tasked with implementing and adopting employment policies and oversees all fire-fighting operations and fire prevention policies. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-10 inclusive are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are in some way responsible for, or participated in or contributed to,

the matters and things complained of herein, and are legally responsible in some manner. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## IV. FACTS

10. On August 09, 2021, Governor Inslee issued Proclamation 21-14 et seq, which required SRFR's frontline employees to be vaccinated against CV-19 by October 18, 2021. A copy of the Proclamation and its subsequent iterations accompanies this Complaint, is incorporated in full, and marked as Exhibit 1.

11. Following Governor Inslee issuing Proclamation 21-14, SRFR circulated a memorandum to its frontline employees, on August 17, 2021, that stated they must be vaccinated against CV-19 by October 18, 2021, unless approved for a religious or medical exemption. A true and correct copy of the memorandums accompanies this Complaint, is incorporated in full, and marked as Exhibit 2.

12. SRFR engaged in an open, interactive process with its frontline employees regarding the vaccine mandate and accommodations. A memorandum was sent out to employees dated October 14, 2021 outlining the process that the Union, Department, and Commission were working through to determine what

actions would be taken. Said memorandum accompanies this complaint, is incorporated in full, and marked as Exhibit 3.

13. During this time each Plaintiff submitted a letter attesting to their sincerely held beliefs against SARS-CoV-2 vaccination. They expressed to SRFR the conflict between their faith and the policy. Each letter submitted and accepted by SRFR is attached as Exhibit 4 to this Complaint and incorporated in full.

14. SRFR approved a Memorandum of Understanding (MOU) with IAFF Local 2781. The MOU incorporated SRFR's CV-19 Vaccine Mandate Policy, which SRFR adopted on September 2, 2021. A true and correct copy of this MOU, is incorporated in full, and marked as Exhibit 5. The MOU provided an accommodation whereby unvaccinated frontline employees could use their accrued leave while remaining employed with SRFR until they exhausted their leave, were vaccinated, or otherwise could return to work. After using their accrued leave, they could take a one-year leave of absence (LOA) without pay. If an employee was terminated, the MOU further provided that he or she would be added to the disability rehire list. The MOU specified that the unvaccinated frontline employees could return to work during their period of absence if Proclamation 21-14 was updated and amended to that effect. Local IAFF 2781's members approved the MOU on October 18, 2021.

15.     Plaintiffs requested an accommodation of: personal protective equipment ("PPE"), regular testing, and implementing safety distancing practices. SRFR ultimately decided that it could not offer such an accommodation, or any accommodation that would permit its unvaccinated frontline employees to remain on the job without it being an undue hardship on SRFR, because of the following:

      a.     Unvaccinated frontline employees would present a greater risk of transmission of the CV-19 virus to patients, members, of the pubic, and other employees, and run a greater risk of infection themselves.

      b.     Unvaccinated frontline employees cannot socially distance when in a fire engine, aid car, or in certain emergency situation, as well as in certain sleeping quarters. Testing is not always accurate and can convey a false sense of security to unvaccinated frontline employees. SRFR cannot guarantee that unvaccinated frontline employees will not take off their PPE when alone in a fire engine or aid car, putting other employees or patients at risk when they enter the vehicle.

      c.     SRFR has a strong interest in maintaining the public's confidence in SRFR's ability to provide reasonably safe emergency

fire and medical services. SRFR wants to assure the public that it can call 911 without fear of a greater risk of infection.

d.  At the time, PPE and testing kits were scarce and costly, and there was a risk of substantial increase in prices given nationwide shortages and extremely high demand.

e.  On September 23, 2021, the Washington State Department of Corrections ("DOC") informed SRFR that unvaccinated staff could not perform on-site work at any DOC facility and no reasonable accommodation was available for on-site work. SRFR is contracted with the DOC to provide emergency fire and medical services to the Monroe Correctional Complex. Logistically, SRFR could not serve the Complex if a quarter of its frontline staff was unvaccinated and would have lost $376,933.93 annually in revenue if their policy regarding accommodation for unvaccinated on-site works to perform on-site work at DOC facilities.

f.  On October 14, 2021, SRFR's insurance pool, Washington Cities Insurance Authority, informed SRFR that if any patient sued SRFR and alleged than an unvaccinated employee gave them CV-19, the insurance pool would not defend or indemnify SRFR against the

lawsuit because of an exclusion for "communicable diseases." In such a scenario, if the patient died from CV-19, SRFR could face millions of dollars of liability.

A copy of these reasonable accommodation "undue burden" letters are referenced and incorporated in full and attached hereto as Exhibit 6.

16.     SRFR failed to reasonably accommodate the Plaintiffs and took adverse employment action against them by placing them on a leave of absence and requiring the Plaintiffs to use their leave banks.

17.     On or about December 2021 the rate of spread of CV-19 amongst the vaccinated staff of SRFR spread such that masking and testing was required for the vaccinated staff. This measure was deemed effective to stem the spread because the vaccinated are still able to transmit and catch CV-19. A copy of the internal memo to the employees is included and marked as Exhibit 7.

18.     In the month of April 2022 Defendant SRFR determined that the Plaintiffs could be returned to work under an accommodation.  A true and correct copy of the letter from SRFR to each Plaintiff accompanies this complaint and is incorporated in full, and marked as Exhibit 8.

19.     Defendants stated that the "information" had changed, and that the accommodation process was "on-going".

20.     Plaintiffs were offered an accommodation and were allowed to return to work. Some Plaintiffs have not or cannot return to work. Plaintiffs were given no indication of what "information" was used in determining that they could now be accommodated more than six months after they had been effectively terminated from their employment and placed on a leave of absence.

21.     To this day, the fact statements included above as 4.6 (a)-(f) still exist and have not changed to Plaintiffs knowledge.

22.     There is a dispute between the parties: whether or not unpaid leave or a leave of absence constitutes a reasonable accommodation. The Plaintiffs request *de novo* review of these actions and policies.

## V. Cause of Action

### First Cause of Action: Violation of 42 U.S.C. §2000(e)

23.  Plaintiff realleges the above statements of fact as if fully stated herein.

24. At all times relevant hereto, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 42000(e) et seq. was in full force and effect and was binding on SRFR. Title VII forbids discrimination against a person based on their sincerely held religious beliefs. At all times relevant hereto, the Plaintiffs were performing competently in the position they held with the Snohomish Regional Fire Department.

25.  Title VII makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee.

26. The Department failed to provide reasonable alternative means of accommodating the religious belief or observance that is in conflict with the work place requirement, i.e., CV-19 vaccination.

27.  There is a dispute between the Plaintiffs and Defendant(s) as to the legal sufficiency of placing an employee on leave without pay as a reasonable accommodation under Title VII.

## SECOND CAUSE OF ACTION
**Violation of Washington Law Against Discrimination (RCW §49.60)**

28. Plaintiffs hereby incorporate and reallege the preceding paragraphs, as though fully set forth herein.

29. At all times relevant hereto RCW §49.60.030 was in full force and effect and was binding on SRFR. During such time Plaintiffs were performing competently in the position they held with SRFR.

30. The actions of SRFR violate RCW §49.60 which provides:

> (1) The right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall

11
COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

include, but not be limited to: (a) The right to obtain and hold employment without discrimination.

31. The Plaintiffs can establish a prima facie case of discrimination: they have a bona fide religious belief which conflicted with the employer's policy, they placed their employer on notice of the conflict, the employer took adverse action against them.

32. There is a dispute between the Plaintiffs and Defendant(s). SRFR asserts that placing an employee on leave without pay is a reasonable accommodation under RCW §49.60. Plaintiffs believe and allege that a leave of absence falls short of a reasonable accommodation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

33. A declaration that, under these circumstances, a leave of absence falls short of lawful reasonable accommodation under either Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e) et seq., or the Washington Law Against Discrimination ( RCW §49.60).

34. Award Plaintiffs for actual, consequential and incidental financial losses including, but not limited to, loss of back pay, benefits, and other compensation plus interest;

35. Award Plaintiffs the accrued leave each used when they were unable to be accommodated.

36. Award Plaintiffs compensatory damages and other and further compensatory damages in an amount according to proof;

37. Restore vacation days, comp hours, and lost time hours used by Plaintiffs during the time they were placed on unpaid leave;

38. Award to Plaintiffs their reasonable attorneys' fees and costs of suit;

39. Grant Plaintiffs such additional or alternative relief as the Court deems just and proper.

40. A declaration that Defendants have violated petitioner's right to be free from discrimination on the basis of her sincerely held religious beliefs

41. *De novo* review of the accommodation process placing Plaintiffs on unpaid leave and declaratory relief that unpaid leave is not a reasonable accommodation.

42. General and special damages against Defendants according to proof.

November 17, 2022

_s/ Tracy Tribbett_
TRACY TRIBBETT
PACIFIC JUSTICE INSTITUTE

6404 Three Rivers Drive
Pasco WA 99301
Tel: 509-713-9868
Email: ttribbett@pji.org